UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY LEE ZAMBRANO,

        Plaintiff,                              Hon. Paul L. Maloney

v.                                        Case No. 1:26-cv-00185

VAN BUREN COUNTY,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss.   (ECF No. 21).
Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's
motion be granted and that this action be terminated.

## BACKGROUND

Plaintiff initiated this action on January 16, 2026, against Van Buren County.
(ECF No. 1, PageID.1).   On March 26, 2026, Plaintiff filed his first amended complaint,
in which he alleges the following.   (ECF No. 17).

In January or February 2023,[1] a paternity action was initiated against Plaintiff
in the Van Buren County Circuit Court.   (ECF No. 17, PageID.60).   On June 8, 2023,
the docket reflected that an answer to a motion was filed on Plaintiff's behalf although

---

[1] Plaintiff alleges that the summons and complaint were filed on February 14, 2023, but
that a proof of service was filed on January 17, 2023.   (ECF No. 17, PageID.61).

he denies filing the pleading.[2]    (ECF No. 17, PageID.61).    In 2025, Plaintiff moved the state court to settle and/or correct the record, noting "unresolved record defects," including missing hearing entries, missing or incomplete recordings, and an exhibit missing from the file.    (*Id.*).    While these issues were pending, Plaintiff pursued an appeal.    (ECF No. 17, PageID.62).    On November 12, 2025, the Michigan Court of Appeals required that Plaintiff submit a complete register of actions and a certain motion to verify the appellate court's jurisdiction.    (*Id.*).    The Michigan Court of Appeals dismissed Plaintiff's appeal due to a lack of jurisdiction later that month. (*Id.*).    Plaintiff applied for delayed leave to appeal, but the appellate court dismissed the application as untimely.    (*Id.*).    Plaintiff clarifies that he does not dispute the underlying rulings of the state court but instead argues that Defendant deprived him of access to meaningful appellate review because of the inaccurate and incomplete lower court record.    (ECF No. 17, PageID.63).    Plaintiff does not specify the relief he seeks. (*Id.*).

Defendant moved to dismiss Plaintiff's first amended complaint.    (ECF Nos. 21 and 22).    Plaintiff responded.    (ECF No. 24).    Defendant replied.    (ECF No. 26).

---

[2] Notably, the docket entry in the lower court register of actions shows that the June 8, 2023 answer was filed by the other party, *not* Plaintiff, and was in response to a motion that Plaintiff filed. *See* https://micourt.courts.michigan.gov/case-search/court/C36/case-details?caseId=2023-0000072718-DP&tenantKey=C36-80- 0634488-00-00&searchUrl=%2Fcourt%2FC36%2Fsearch%3FlastName%3Dzambrano%26page%3D1 (last viewed June 9, 2026).

Plaintiff was granted leave to file a sur-reply.   (ECF No. 32).   The Court finds that oral argument is unnecessary.   *See* W.D. MICH. LCIVR 7.2(d).

ANALYSIS

### I. Legal Standard

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *Id.* at 678.   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*.   First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .   Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.   But where the well pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678-79 (citations omitted).

## II. Failure to State a Claim

Plaintiff brings his denial of access-to-court claim under 42 U.S.C. § 1983.   (ECF No. 17, PageID.60).   As a preliminary matter, to make a Section 1983 claim in general, "a plaintiff must identify a right secured by the U.S. Constitution and a deprivation of that right by a person acting under color of law."   *Straub v. Kilgore*, 100 F. App'x 379, 385 (6th Cir. 2004).   "Under § 1983, there is no *respondeat superior* or vicarious liability."   *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6th Cir. 2013).

For Plaintiff to state a claim under *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), against Van Buren County, he must identify a specific County policy and allege facts showing that it "directly caused [him to suffer] a deprivation of federal rights."   *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 415 (1997).   To do so, Plaintiff must demonstrate one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).   For a custom-of-tolerance claim to survive a motion to dismiss, a plaintiff must "demonstrate[ ] a pattern of

inadequate investigation of similar claims . . . ."    *Id.* (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 433 (6th Cir. 2005)).

Here, Plaintiff has not identified any unconstitutional policies, practices, or procedures in place at the time of the events in question, let alone connected such policies or procedures to a violation of his constitutional rights in this case.    Indeed, Plaintiff's first amended complaint simply relies on conclusory allegations devoid of any associated factual support in an attempt to plead a claim against Defendant.    (ECF No. 17, PageID.60-63).    For example, Plaintiff alleges that "[t]he actions and omissions described herein were undertaken pursuant to policies, customs, or practices of Van Buren County relating to record custody, certification, and response to record disputes." (ECF No. 17, PageID.63).    This conclusory allegation is insufficient.    *See Burgess*, 735 F.3d at 478.    The first amended complaint is also devoid of any factual allegations supporting any widespread unconstitutional customs by Van Buren County.    *See Thomas,* 398 F.3d at 433.

Even if Plaintiff's allegations were sufficiently specific, Plaintiff still fails to state a claim upon which relief may be granted.    To state a Section 1983 claim for the denial of access to the courts, a plaintiff must allege that the deprivation resulted from intentional conduct, *see Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006), and must make some showing of prejudice or actual injury resulting from the challenged conduct, *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

Plaintiff bases his injury on the allegation that the Michigan Court of Appeals dismissed his appeal for lack of jurisdiction and rejected his delayed application as untimely.   (ECF No. 17, PageID.62).   In response to Defendant's motion to dismiss, Plaintiff asserts that he could not obtain the requested documents from the lower court. (ECF No. 24, PageID.99).   But the various "record defects" that Plaintiff points out in his amended complaint do not include what the Michigan Court of Appeals requested from him per the court's deficiency letter.[3]   (ECF No. 1-1, PageID.7; ECF No. 17, PageID.61).   Indeed, Plaintiff's appeal was dismissed without prejudice for lack of jurisdiction, at least in part, because he essentially appealed the incorrect lower court order, not solely because he did not provide the requisite documents.   (ECF No. 1-2, PageID.9).   Further, the court's deficiency letter notes that Plaintiff was able to procure and submit certain documents in support of his appeal, including a register of actions, although it was not the latest version.   (ECF No. 1-1, PageID.7).

Then, Plaintiff's subsequent delayed application for leave was dismissed as untimely.   (ECF No. 1-3, PageID.10).   In his first amended complaint, Plaintiff does not explain why he missed the deadline for his subsequent application for leave to

---

[3] Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion under Rule 12(b)(6), courts may consider various documents without converting the motion to a motion for summary judgment.   "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."   *Bassett v. NCAA,* 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

appeal, let alone attribute such a delay to Defendant.   (ECF No. 17, PageID.62).

Accordingly, even if the challenged conduct was intentional, Plaintiff fails to allege an

actual injury, and his claim fails, and Plaintiff's complaint against Van Buren County

should be dismissed.[4]

### III. *Rooker-Feldman* Doctrine

To the extent Plaintiff seeks relief from the Michigan Court of Appeals orders

dismissing his appeal and subsequent application for leave to appeal, the Court's review

of the matter is barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine limits the jurisdiction of federal courts to

adjudicate appeals from, or collateral attacks on, state-court rulings.   *See Rooker v.*

*Fidelity Trust Co.*, 263 U.S. 413, 415-16, (1923); *District of Columbia Court of Appeals*

*v. Feldman*, 460 U.S. 462, 476 (1983).   "The *Rooker-Feldman* doctrine embodies the

notion that appellate review of state-court decisions and the validity of state judicial

proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that

federal district courts lack jurisdiction to review such matters."   *In re Cook*, 551 F.3d

542, 548 (6th Cir. 2009).

The doctrine applies to cases "brought by state-court losers complaining of

injuries caused by state-court judgments rendered before the district court proceedings

---

[4] Additionally, a municipality cannot be held liable if no underlying constitutional deprivation occurred by the actions of one of its agents or employees.   *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).   And, since there is no constitutional violation by Van Buren County, Defendant cannot be held liable.

commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548. A party raising a challenge to a state court judgment or decision must do so through the state appellate system and then directly to the United States Supreme Court. *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Here, Plaintiff alleges that his injury was "the loss of a meaningful opportunity to obtain appellate review." (ECF No. 17, PageID.63). Although Plaintiff acknowledges that he "does not challenge the merits of the underlying domestic-relations rulings," he cannot use a federal court to challenge the state appellate orders either. "The *Rooker-Feldman* doctrine precludes federal courts from exercising jurisdiction over actions that in substance seek appellate review of state court judgments, even if a plaintiff claims that a state court judgment violates his [or her] federal rights." *Williams v. Herrod*, No. 1:25-CV-998, 2025 WL 2391491, at *2 (N.D. Ohio Aug. 18, 2025). To the extent Plaintiff attempts to have this Court review the state appellate court's orders, such review is barred by the *Rooker-Feldman* doctrine.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's first amended complaint be dismissed without prejudice and that this action be terminated.   For the same reasons the undersigned makes these recommendations, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Dated: June 10, 2026                                /s/ Phillip J. Green
                                                    PHILLIP J. GREEN
                                                    United States Magistrate Judge

-9-