UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY ZAMBRANO,                    )
                    Plaintiff,       )
                                     )          No. 1:26-cv-185
-v-                                  )
                                     )          Honorable Paul L. Maloney
VAN BUREN COUNTY,                    )
                    Defendant.       )
                                     )

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING APPEAL

Plaintiff Anthony Zambrano, without the assistance of counsel, filed this lawsuit against Van Buren County.  In his amended complaint, ECF No. 17, Zambrano alleges that the County has a policy, practice, or custom of defective record keeping of court records that undermines appellate review.  Van Buren County filed a motion to dismiss.  ECF No. 21. Zambrano then filed a motion for leave to file a second amended complaint.  ECF No. 25.

On June 10, 2026, the Magistrate Judge issued a report recommending the court grant the motion to dismiss.  ECF No. 33. Contemporaneously, the Magistrate Judge denied Zambrano's motion for leave to file a second amended complaint.  ECF No. 34.  Zambrano filed objections to the report and recommendation, ECF No. 36, and filed an appeal of the order denying his motion for leave to file a second amended complaint, ECF No. 37.  The court will deny the appeal and will adopt the report and recommendation.

A.  Amended Complaint

In his amended complaint, Plaintiff pleads that Defendant "denied Plaintiff meaningful access to the courts by forcing Plaintiff to litigate and pursue appellate review

under disputed and unresolved record while refusing to certify, refusing to clarify or failing to correct material record defects necessary for effective review." ECF No. 17 Compl. ¶ 5 PageID.60. As a result of this conduct, Plaintiff pleads he was unable to challenge the jurisdictional and procedural validity of the proceedings and he lost his nonfrivolous claim. *Id.* ¶ 6 PageID.61. Plaintiff sought appellate review and, on November 12, 2025, the Michigan Court of Appeals required him to provide an updated register of actions and a complete copy of a September 2, 2025, motion to vacate in order to verify appellate jurisdiction. *Id.* ¶ 19 PageID.62; ECF No. 1-1 PageID.7. On November 24, the Michigan Court of Appeals dismissed Plaintiff's claim for lack of jurisdiction. Compl. ¶ 21 PageID.62. Plaintiff attached the November 24 order to his original complaint. ECF No. 1-2 PageID.9. The court dismissed the appeal for lack of jurisdiction because the "October 20, 2025 order, ..., was not the '*first* judgment or order that' disposed of all the claims and adjudicated rights and liabilities of the parties in this paternity action." *Id.* The court dismissed Plaintiff's appeal without prejudice. *Id.* Plaintiff then filed a delayed application for leave to appeal, which the court denied as untimely. ECF No. 1-3 PageID.10.

### B. Motion to Dismiss and Report and Recommendation

In the motion to dismiss, Defendant argued that the dismissal by the court of appeals was unrelated to any alleged policy, custom, or practice of the County. The Magistrate Judge agreed and found that the Michigan Court of Appeals dismissed Plaintiff's complaint because he appealed the wrong order and because he did not provide the documents required by the appellate court. ECF No. 33 R&R at 6 PageID.161. The Magistrate Judge also found that

Plaintiff did not connect Defendant's conduct to the second untimely appeal. *Id.* PageID.161-62.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff objects to these findings as Objection 4. ECF No. 36 PageID.176. Plaintiff explains that he pled that the record created by the lower court was inaccurate and incomplete and that he repeatedly sought to correct the errors. *Id.* PageID.180. Plaintiff argues that the inaccurate record hindered his ability to identify the correct appealable order. *Id.* PageID.180-81.

The court overruled Plaintiff's objection. The amended complaint (ECF No. 17) fails to plead facts from which this court might infer that Defendant's conduct caused Plaintiff to appeal the wrong final order. The allegations in the amended complaint address other problems with the record. But Plaintiff fails to make any allegations about misconduct or inaccurate record keeping relevant to a final judgment or order. These findings and conclusions in the R&R provide a sufficient basis for granting the motion to dismiss.

To the extent Plaintiff raises other objections, the court has reviewed the motion to dismiss, the report and recommendation, and overrules Plaintiff's objections. The

Magistrate Judge accurately summarized the record, including the allegations in the pleadings.  The Magistrate Judge correctly summarized the relevant law and applied the law to the allegations in the amended complaint.  Plaintiff's objections do not undermine the conclusions and recommendations in the R&R.

C.  Motion to File Second Amended Complaint and Order Denying Motion

In its opposition to Plaintiff's motion to file a second amended complaint, Defendant again argues that its conduct did not deprive Plaintiff of his ability to pursue an appeal. Plaintiff simply failed to properly respond to the appellate court's inquiry and failed to timely file an appeal.  As a result, Defendant argues that the amended complaint would be futile and subject to dismissal for the same reason as the amended complaint.

The Magistrate Judge agreed and denied the motion because the proposed pleading would be futile, subject to dismissal for the same reason as the amended complaint.

Rule 72(a) allows a party to object to a ruling by a magistrate judge by filing objections in the district court where the case is assigned.  Fed. R. Civ. P. 72(a).  Under the Rule, the district court judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  *Id.*  Under this standard, factual findings are reviewed under the clearly erroneous standard and matters of law are reviewed de novo. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019).

Plaintiff appealed this order.  Plaintiff makes the same arguments against the finding of futility that he makes against the findings and recommendations in the R&R.

The court denies the appeal.  The proposed amended complaint adds numerous allegations about problems with the record in the initial court proceedings.  None of those

5

alleged problems involve conduct by Defendant that caused Plaintiff to be unable to identify the judgment or final order.  Nor do the allegations in the proposed pleading provide any basis for the court to infer that Defendant's conduct caused Plaintiff to miss the deadline for filing leave to appeal.

For these reasons, the court **ADOPTS** the report and recommendation (ECF No. 33) and **GRANTS** Defendant's motion to dismiss (ECF No. 21).  The court also **DENIES** Plaintiff's appeal (ECF No. 37).  **IT IS SO ORDERED.**

Date:    June 26, 2026                                    /s/  Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge